# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYRONE L. PORTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-15-982-W |
| ) | |
| THOMAS SCARANTINO, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, Tyrone L. Porter, a federal prisoner appearing through counsel, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the execution of his sentence. [Doc. No. 1]. United States District Judge Lee R. West referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Pending before the court are two motions: Petitioner's Motion for Expedited Hearing [Doc. No. 9] and Respondent's motion to Dismiss. [Doc. No. 16]. For the reasons set forth below, it is recommended that Respondent's Motion to Dismiss be granted and the cause dismissed without prejudice for failure to exhaust administrative remedies. Moreover, because the facts in this case are clearly set forth in Respondent's motion and undisputed by Petitioner, no evidentiary hearing is warranted. It is therefore recommended that Petitioner's Motion for Expedited Hearing be denied.

**I.     The Petition**

Petitioner's bare bones Petition alleges:

> The [Petitioner] is being held by the Federal Authorities in Federal Prison. He has not been given proper jail credit in accordance with the judge's order. His prospective release date does not take into account proper jail credit in accordance with the Federal Court's order.

[Doc. No. 1] at 1. As relief, Petitioner seeks an "award of proper jail credits" and "[adjustment of] his release date." *Id.* Petitioner does not identify what jail credits he believes he is entitled to, the number of credits he thinks he should receive, or the federal court order he is relying on. Because Petitioner has provided no information to the Court about his conviction, sentence, or possible jail credits, the Court is relying on the facts set forth in Respondent's Motion to Dismiss. Because Petitioner has not objected or replied, these facts are deemed confessed. LCvR 56.1(e).

## II. Facts as Represented in Respondent's Motion to Dismiss

Respondent has set forth relevant facts supported by documentation attached to his Response. Plaintiff was arrested on October 24, 2006, in Jacksonville, Alabama, on state charges of Theft of Property and First Degree Robbery after he and an accomplice robbed a bank. [Doc. No. 16-1] at 2-5. Before the state charges arising out of the bank robbery were resolved, Petitioner was temporarily taken into federal custody by the United States Marshals Service on a Federal Writ of Habeas Corpus Ad Prosequendum to face federal charges in the United States District Court for the Northern District of Alabama. Petitioner was charged with Aiding and Abetting an Armed Bank Robbery, Use and Carrying of a Firearm During and in Relation to a Crime of Violence, and Possession of a Weapon by a Convicted Felon [Doc. No. 16-1] at 2; [Doc. No. 16-2] at 2-3.

On July 15, 2007, Petitioner pled guilty to all three counts and was sentenced to a term of 42 months' imprisonment on Counts One and Three, to be served concurrently. On Count Two, Petitioner was sentenced to 84 months' imprisonment to be served consecutively to the sentences for Counts 1 and 2 and "any other term of imprisonment imposed on the defendant[.]" [Doc. No. 16-3] at 2. The sentencing order stated Petitioner should be given credit "for time served

2

pursuant to Title 18 U.S.C. § 3585(b) for any time served in detention *that has not been credited against another sentence*." *Id.* at 3 (emphasis added).

Petitioner was returned to a state county jail on July 25, 2007. [Doc. No. 16-2] at 3. He pled guilty to state charges on April 6, 2009, and was sentenced to twenty years' imprisonment with all but the first five years suspended. [Doc. No. 16-4] at 2. Court records indicate he received jail credit of 658 days. *Id.* But Petitioner had been in jail awaiting disposition of federal charges much longer than 685 days. For that reason, on March 5, 2010, the state court amended its sentencing order, reducing his term of state imprisonment to "time served" and ordering that Petitioner be transferred to "federal custody to begin service of his federal sentence." [Doc. No. 16-5] at 2. Although Petitioner's exact ground for relief is unclear, it appears he might be seeking credit for the time he spent in the primary custody of the state awaiting disposition of the federal charges against him—from October 24, 2006, through March 4, 2010, even though the record clearly reveals both that he remained in primary state custody during that time and that he received credit for that time towards his state sentence.

### III.     Exhaustion of Administrative Remedies

As Respondent asserts, this action is subject to dismissal because Petitioner has not exhausted the available administrative remedies provided by the Bureau of Prisons (BOP).

While 28 U.S.C. § 2241 itself does not contain an express exhaustion requirement, the Tenth Circuit as well as other appellate courts have uniformly held that exhaustion of administrative remedies is a prerequisite for § 2241 habeas relief. *Garza v. Davis*, 596 F.3d 1198 (10th Cir. 2010); *Samples v. Wiley*, 349 Fed. Appx. 267, 269 (10th Cir. 2009); *Ciocchetti v. Wiley*, 358 Fed. Appx. 20, 23–24 (10th Cir. 2009); *Williams v. O' Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986); *McClung v. Shearin*, 90 Fed.

Appx. 444, 445 (4th Cir. 2004)(*citing Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2nd Cir. 2001); *Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981)). . Further, the exhaustion requirement is satisfied only through proper use of BOP administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81 (2006).

The steps of the BOP's Administrative Remedy Program are set forth in Program Statement 5880.28, 28 C.F.R. §§ 542.10-19. According to the terms of the Program Statement, an inmate seeking relief is generally required to begin by attempting to resolve his or her complaint informally by submitting a Request for Informal Resolution, also known as a BP-8, to his Correctional Counselor. *See* 28 C.F.R. § 542.13(a). If the inmate is not satisfied by the Correctional Counselor's response to his request, the inmate may then file a formal Request for Administrative Remedy, or BP-9, with the warden of the institution where he is confined. *See id.* § 542.14(a). If the inmate is dissatisfied with the warden's response to the BP-9, he may then file a Regional Office Administrative Remedy Appeal, or BP-10, with the regional office of the BOP. *See id.* § 542.15(a). Finally, if the inmate is still dissatisfied, he may file an Administrative Remedy Appeal, or BP-11, with the National Inmate Appeals Administrator in Washington, D.C. *See id.*

Respondent contends Petitioner did not complete even the first step of the administrative process before filing this suit. Attached to the Motion to Dismiss is a verified "Declaration of James D. Crook" who identifies himself as the Supervisory Attorney at the United States Department of Justice, Federal Bureau of Prisons Consolidated Legal Center located in Oklahoma City, Oklahoma. [Doc. No. 16-9] at 1-4. Mr. Crook outlines the procedural history of Petitioner's case and affirmatively states, "Petitioner has not filed any administrative remedies in accordance with … <u>Administrative Remedy Program</u>." *Id.* at 4. As Petitioner has not responded

to the Motion to Dismiss, he has made no effort to refute Mr. Crook's statements or to give any reason why his failure to exhaust administrative remedies should be excused. Accordingly, it is recommended that Respondent's Motion to Dismiss Petitioner's § 2241 Petition be granted. Because the facts presented by Respondent are undisputed, no evidentiary hearing is required

## RECOMMENDATION

The Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 [Doc. No. 16] should be granted, and the Petition [Doc. No. 1] should be dismissed without prejudice. Petitioner's Motion for Expedited Hearing [Doc. No. 9] should be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by June 13, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 23th day of May, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE