# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TYRONE L. PORTER, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-15-982-W |
| THOMAS SCARANTINO, Warden, | ) |
| Respondent. | ) |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, Tyrone L. Porter, a federal prisoner appearing through counsel, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the execution of his federal sentence. [Doc. No. 1]. United States District Judge Lee R. West referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Respondent filed a Motion to Dismiss the Petition. [Doc. No. 16]. For the reasons set forth below, it is recommended that Respondent's Motion to Dismiss be construed as a Motion for Summary Judgment and that the motion, so construed, be granted.

### I. Procedural Background

Petitioner filed his petition on September 9, 2015, contending that the Bureau of Prisons (BOP) had incorrectly calculated his federal sentence by failing to give him credit for time served while he was in the custody of the State of Alabama serving a state sentence. Petitioner also filed a motion for expedited hearing. [Doc. No. 9]. On November 30, 2015, Respondent moved to dismiss the petition, addressing both the merits of the petition and Petitioner's apparent failure to exhaust administrative remedies. Respondent supported his assertion that Petitioner had failed to exhaust the BOP's administrative remedies by attaching an affidavit signed by James D. Cook, Supervisory Attorney at the United States Department of Justice, Federal Bureau

of Prisons Consolidated Legal Center in Oklahoma City, Oklahoma, that stated, "Petitioner has not filed any administrative remedies in accordance with Program Statement 1330.18." [Doc. No. 16-9] at 4. Petitioner did not respond to the motion to dismiss. Thus, the facts as presented in the motion to dismiss were deemed confessed in accordance with LCvR 56.1(e), and this magistrate judge recommended the petition be dismissed based on Petitioner's failure to exhaust his administrative remedies and the motion for expedited hearing be denied.

But Petitioner did file an objection to the Report and Recommendation with the district court contending that he had, in fact, exhausted his administrative remedies. [Doc. No. 18]. To his objection, Petitioner attached a copy of a grievance response dated April 12, 2016, seven months after the Petition was filed. Ian Connors, the BOP's Administrator of National Inmate Appeals signed the grievance response. [Doc. No. 18-1]. The response to Administrative Remedy No. 849302-A1 indicates that the grievance involved the same issue regarding application of credits raised in this case and demonstrates that Petitioner completed the final step of the BOP's administrative remedy process after he filed his Petition.

On June 15, 2016, the district court adopted the portion of the Report and Recommendation recommending denial of the motion to expedite hearing and recommitted the matter for further consideration. [Doc. No. 19]. Specifically, the district court deemed further consideration was warranted regarding (a) Proposition II of Respondent Scarantino's Motion to Dismiss based on Petitioner's alleged failure to state a claim upon which relief could be granted; (b) the consequences, if any, of Porter's failure to timely respond to the merits of Respondent's

Motion to Dismiss;[1] and (c) the consequences, if any, of Porter's failure to exhaust his administrative remedies before he filed the instant Petition.[2]

## II. Factual Background

The Administrative Remedy Response attached to Petitioner's objection to the previous Report and Recommendation clarifies that Petitioner is seeking credit towards his federal sentence for each day from October 24, 2006, the date of his arrest, through March 4, 2010, the date he was taken into federal custody and began serving his federal sentences. In the administrative proceedings, Petitioner also sought a nunc pro tunc order designating that his federal sentence commenced on July 16, 2007, the date he was convicted on federal charges. [Doc. No. 18-1] at 1.

The facts Respondent has set forth are supported by documentation attached to the motion and by the Administrative Remedy Response attached to Petitioner's objections to the previous Report and Recommendation. These facts are undisputed.

Petitioner was arrested on October 24, 2006, in Jacksonville, Alabama, on state charges of Theft of Property and First Degree Robbery after he and an accomplice robbed a bank. He

---

[1] Failure to oppose a motion within 21 days may result in the motion being deemed confessed. Whether to deem confessed an unopposed motion is left to the discretion of the court. LCvR 7.1(g). In the interests of judicial economy, the Court declines to exercise its discretion under LCvR 7.1(g). Rather, the Court will consider the merits of Petitioner's ground for habeas relief and make a recommendation to the district court based on the merits of Respondent's argument.

[2] The government contends that the court need not reach the merits of Petitioner's claim because he failed to exhaust his administrative remedies prior to filing his petition. But such a dismissal would be without prejudice, and the Petitioner could then file another, identical petition for habeas relief. The undersigned magistrate judge declines to address the exhaustion issue and will proceed directly to the merits of Petitioner's claim and make a recommendation based on the merits of Petitioner's ground for relief. *See* 28 U.S.C. § 2254(b)(2) (application for writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust remedies); *United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008) (resolving § 2241 claim on the merits without reviewing the exhaustion question); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (following § 2254(b)(2) in § 2241 proceeding).

was incarcerated in the Calhoun County Jail. [Doc. No. 16-1] at 2-5; [Doc. No. 18-1] at 1. On January 11, 2007, before the state charges arising out of the bank robbery were resolved, the United States Marshals Service took temporary custody of Petitioner, pursuant to a Federal Writ of Habeas Corpus Ad Prosequendum, to face federal charges arising from the bank robbery. Petitioner remained, however, in the primary custody of the State of Alabama. Petitioner was indicted in the United States District Court for the Northern District of Alabama. [Doc. No. 16-2]; [Doc. No. 18-1] at 1. The federal charges lodged against Petitioner were Aiding and Abetting an Armed Bank Robbery, Use and Carrying of a Firearm During and in Relation to a Crime of Violence, and Possession of a Weapon by a Convicted Felon. [Doc. No. 16-1] at 2-4; [Doc. No. 16-2] at 2-3; [Doc. No. 18-1] at 1.

On July 15, 2007, Petitioner pled guilty to all three federal charges and was sentenced to a term of 42 months' imprisonment on Counts One and Three, to be served concurrently. On Count Two, Petitioner was sentenced to 84 months' imprisonment to be served consecutively to the sentences for Counts 1 and 2 and consecutively to "*any other term of imprisonment imposed on the defendant*[.]" [Doc. No. 16-3] at 2-3; [Doc. No. 18-1] at 1 (emphasis added). The sentencing order stated Petitioner should be given credit "for time served pursuant to Title 18 U.S.C. § 3585(b) for any time served in detention *that has not been credited against another sentence*." *Id.* (emphasis added).

Petitioner was returned to the Calhoun County Jail on July 25, 2007, and his federal sentence was lodged as a detainer. [Doc. No. 16-2] at 3; [Doc. No. 18-1] at 1. Petitioner pled guilty to state charges on April 6, 2009, and was sentenced to twenty years' imprisonment with all but the first five years suspended. [Doc. No. 16-4] at 2; [Doc. No. 18-1] at 1.

On March 5, 2010, the state court amended its sentencing order, reducing Petitioner's term of state imprisonment to "time served" and ordering that Petitioner be transferred to "federal custody to begin service of his federal sentence." [Doc. No. 16-5] at 2; [Doc. No. 18-1 at 1]. The United States Marshals Service picked up Petitioner on March 16, 2010, and his federal sentence commenced to run on that date. [Doc. No. 16-7] at 3; [Doc. No. 18-1] at 2.

**III.     Analysis**

Respondent has supported the recitation of facts with materials outside the pleadings, and this court is relying on those materials. Therefore, Respondent's motion is construed as a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). When a motion to dismiss is converted to a motion for summary judgment, Rule 12(d) requires a court to give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." By order of July 11, 2016, this Court notified the parties that it would be treating Respondent's Motion to Dismiss as a Motion for Summary Judgment and gave both parties fourteen days to present any further evidence or make any additional arguments. Both parties responded; Petitioner submitted additional documents.

Summary judgment should be granted if there are no genuine disputes as to material facts and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). There are no genuine disputes as to any material facts in this case, and as discussed in more detail below, Respondent is entitled to judgment as a matter of law.

Title 18 U.S.C. § 3585(a) and Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), both state, "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to … the official detention facility at which the sentence is to be served." [Doc. No. 16-6]; [Doc. No. 18-

5

1] at 2.  Accordingly, under federal law, Petitioner began serving his federal sentence on March 16, 2010, the date he was picked up at the Calhoun County Jail by United States Marshals en route to the facility at which he would serve his federal sentence.

Under limited circumstances, a federal prisoner is given credit against his federal sentence for time spent in official detention before the date a federal sentence begins to run.  *See* 18 U.S.C. § 3585 (b)(1)-(2).  But such time can credited towards a federal sentence only if it "has not been credited against another sentence."  18 U.S.C. § 3585(b).  Moreover, as the undisputed facts demonstrate, the federal sentencing court specified that the sentence imposed on Count II was to run consecutively to any other sentences.  Petitioner was not entitled to credit against his federal sentence from October 24, 2006, through March 4, 2010, because he remained in the custody of the State of Alabama, and that time was applied to his state sentence.  Only the eleven days from March 5, 2010, the date Petitioner's state sentence was modified to time served and the state court ordered him released into federal custody, through March 15, 2010, the date on which federal authorities picked up Petitioner en route to the designated federal facility for service of his federal sentence, meet the statutory requirement for credit towards his federal sentence.  Petitioner received the proper credit for this time.  [Doc. No. 16-7] at 3.

In sum, the BOP has correctly computed Petitioner's sentence.  The undisputed material facts demonstrate that the additional time credits Petitioner seeks to have applied towards his federal sentence were already credited towards his state sentence.  Thus, the time Petitioner spent serving his state sentence cannot be credited towards a federal sentence.  Accordingly, federal habeas relief is not warranted.

## RECOMMENDATION

The Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus [Doc. No. 16] should be construed as a motion for summary judgment and, so construed, the motion should be granted.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by August 18, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. Pro. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 28th day of July, 2016.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE