IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

TYRONE L. PORTER,  )
)
      Petitioner,  )
)
vs.  )  No. CIV-15-982-W
)
UNITED STATES OF AMERICA, by  )
and through THOMAS SCARANTINO,  )
Warden of El Reno FCI,  )
)
      Respondent.  )

## ORDER

On May 23, 2016, United States Magistrate Judge Bernard M. Jones issued a Report and Recommendation in this matter and recommended inter alia that the Motion to Dismiss filed by respondent United States of America, by and through Thomas Scarantino, Warden of El Reno FCI ("Scarantino"), be granted and that this action be dismissed without prejudice because petitioner Tyrone L. Porter had failed to exhaust his administrative remedies. Porter was advised of his right to object, see Doc. 17 at 5, and on June 13, 2016, Porter, represented by counsel, filed a document titled "Response to Respondent's Motion to Dismiss and Magistrate Judge's Report and Recommendation." See Doc. 18.

In light of Porter's submission, the Court reviewed the record de novo. Because an exhibit attached to that paper, see Doc. 18-1, showed that exhaustion may have occurred after Porter filed his Petition for Writ of Habeas Corpus ("Petition"), see Doc. 1, and Scarantino filed his Motion to Dismiss, the Court on June 15, 2016, re-referred this matter to Magistrate Judge Jones for further proceedings. Magistrate Judge Jones was asked to

consider inter alia (a) Scarantino's argument as set forth in Proposition II in his Motion to Dismiss, see Doc. 16 at 4-6, that Porter had failed to state in his Petition a claim upon which relief may be granted, (b) the consequences, if any, of Porter's failure to timely respond to the arguments and authorities in Proposition II and (c) the consequences, if any, of Porter's failure to exhaust his administrative remedies before the instant Petition was filed.

The matter now comes before the Court on Magistrate Judge Jones' Supplemental Report and Recommendation, wherein he has examined the merits of Porter's Petition[1] and recommended that Scarantino's Motion to Dismiss be construed as a motion governed by Rule 56, F.R.Civ.P.,[2] and that the motion be granted. Although Porter was advised of his right to object, see Doc. 23 at 7, and of the consequences of his failure to do so, see id., no objections have been filed within the allotted time.

Upon review of the record, the Court concurs with Magistrate Judge Jones that the Bureau of Prisons has correctly computed Porter's sentence and thus, the Court further agrees that Porter is not entitled to habeas relief on the sole issue raised in his Petition: that "[h]e has not been given proper jail credit . . . ." Doc. 1 at 1.

Accordingly, the Court

(1) ADOPTS the Supplemental Report and Recommendation [Doc. 23] filed on July 28, 2016;

---

[1] Under the circumstances, the Court agrees with Magistrate Judge Jones' decision to decline to further address the issue of exhaustion and to rule on the merits of Porter's Petition. See Doc. 23 at 3 n.2.

[2] The parties were notified that Magistrate Judge Jones intended to treat the pending Motion to Dismiss as a motion seeking relief under Rule 56, F.R.Civ.P., and they were granted the opportunity "to present additional material pertinent to [Scarantino's] . . . motion[.]" Doc. 20.

(2) GRANTS Scarantino's Motion to Dismiss [Doc. 16] filed on November 30, 2015, and construed as a Motion for Summary Judgment; and

(3) ORDERS that judgment issue this date in favor of Scarantino and against Porter.

ENTERED this \_\_1st\_\_ day of September, 2016.

LEE R. WEST
UNITED STATES DISTRICT JUDGE